# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| RONALD HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-005 |
| | ) | |
| LOWES HOME | ) | |
| IMPROVEMENT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In this employment discrimination case against Lowes Home Improvement, LLC, ex-store manager Ronald Hayes moves to compel Lowes to disclose financial data, contending that it is relevant to his race and retaliation claims. Doc. 40. Lowes opposes. Doc. 41. Some background: For some ten years Lowes recognized Hayes' good performance until, he alleges, racial tension arose from two subordinates who referred to him as the "HNIC" -- "head nigger in charge." Doc. 40-1 at 1.[1] A few months after Hayes reported that to management, "someone

---

[1] For the purpose of this Order only, the Court is assuming to be true the facts as asserted in plaintiff's "compel" brief. Doc. 40-1. Lowes, for that matter, sees things

hung nooses in his store on two occasions." *Id.* Two months after that, his manager "decided [Hayes'] career was finished." *Id.* Trivial gripes about Hayes were thus dredged up and used to ratify his pretextual termination. *Id.*

Hayes thus "asserts claims against [Lowes] for discrimination and retaliation under 42 U.S.C. § 1981 ('Section 1981') and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ('Title VII')." Doc. 1 (Complaint) at 1. On his race-based discrimination claim Hayes must show that Lowes treated non-minority managers more favorably -- for *race-based* reasons.[2] Lowes denies that occurred and

---

differently: "Plaintiff alleges facts that are not supported by record citations and in many instances provides record citations that do not support the facts/contentions for which they are cited or are misleading given other testimony and evidence in this case." Doc. 41 at 1.

[2] He thus must adduce evidence to support the elements of his race-based claims:

> Under Title VII, it is unlawful for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because* of his race. 42 U.S.C. § 2000e-2(a)(1). The elements of a § 1981 race-discrimination claim are the same as a Title VII disparate-treatment claim and need not be analyzed separately. *See Rice–Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 843 n. 11 (11th Cir. 2000). A plaintiff establishes a prima facie case of discrimination by showing (1) he belongs to a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside of his class more favorably; and (4) he was qualified to do the job. *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008).

insists it terminated Hayes for "inappropriate and unprofessional behavior in connection with his leadership and his interactions with his subordinates." Doc. 41 at 2; *see also id.* at 3-4 (excerpting a performance report's termination reasons).

In fact, Lowes has just moved for summary judgment motion, doc. 43, evidently in pursuit of a result like that found in *Brown v. Jacobs Engineering, Inc.*, 572 F. App'x 750, 752-53 (11th Cir. 2014) (white, male managers identified by African-American, female employee were not similarly situated to her in either quantity or quality of misconduct, precluding finding of disparate treatment to support her race and sex

---

*Archie v. Frank Cockrell Body Shop, Inc.*, 2014 WL 4548061 at * 3 (11th Cir. Sept. 16, 2014) (emphasis added). A discriminatory discipline claim:

> requires showing a similarly situated employee, who was engaged in the same or similar misconduct but did not receive similar discipline. *See Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999). We require the quantity and quality of the comparator's misconduct to be "nearly identical" to prevent judges from second-guessing employers' reasonable decisions. *Burke-Fowler v. Orange Cnty.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (per curiam) (citing Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999)).

*Id.* at * 4.

Finally, "[t]o make a prima facie showing of retaliation, the plaintiff must show that: (1) he engaged in statutorily protected conduct; (2) he suffered an adverse employment action; and (3) there was some causal relation between the two events." *Dominguez v. Lake Como Club*, 520 F. App'x 937, 939-40 (11th Cir. 2013). And "in both Title VII discrimination and retaliation claims, [courts] require an employee to demonstrate that he suffered a serious and material change in the terms, conditions, or privileges of his employment in order to demonstrate an adverse employment action. *Crawford v. Carroll*, 529 F.3d 961, 970-71 (11th Cir. 2008)." *Id.* at 941.

discrimination claims against her former employer under Title VII and §

1981; employer's investigators concluded that employee had created

"dreadful" work environment, her management style had caused high

turnover in her department, she was subject of at least two meritorious

formal complaints, and she had detrimental effect on employer as a

whole, while purported comparators were not subject to any formal

complaints, and their misconduct, if any, did not cause similar problem).

Based on the evidentiary showing Hayes must make, *see supra* n. 1,

as well as the liberal relevancy standards for discovery,[3] he correctly

---

[3] The standard is well-established:

> "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." [Fed. R. Civ. P. 26(b)(1).] "[I]f there is an objection that the discovery goes beyond material relevant to the parties' claims or defenses, the Court ... become[s] involved to determine whether the discovery is relevant to the claims or defenses[.]" Fed. R. Civ. P. 26(b)(1), advisory committee's note (2000 Amendment). If it is not, the court must [then] determine "whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible." *Id.*

*Miller v. MP Global Products, LLC*, 2014 WL 1017887 at * 1 (S.D. Ala. Mar. 17, 2014) (cite omitted). Hence,

> [t]he discovery standard for relevance is quite liberal. In fact, the higher, trial "standard for what constitutes relevant evidence [itself] is a low one: evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' Fed. R. Evid. 401." *United States v.*

notes in his briefs the financial data's unmistakable relevancy:  Through

financial data showing that he ran his store effectively, he can negate

Lowe's "poor performance" termination reason: "Although it is not true

in every instance that good store performance equates to good

management, a reasonable person could draw that inference.  If the jury

saw such evidence [i.e., of his store's financial results favorably compared

to white-managed stores' results], then the proposed reason for Hayes's

termination that he struggled to effectively manage his employees would

be drawn into serious question.  Plaintiff [therefore] is entitled to obtain

evidence of the stores' performance because it [would] cast doubt on

Defendant's alleged legitimate reasons for termination."  Doc 42 at 2.

Hayes, however, completely misses the *judicial admission*[4] in

Lowes' response brief: "Lowe's has repeatedly stated that the financial

performance of . . . the store Plaintiff managed at the time of his

---

*Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002). To enable litigants to garner that trial evidence, the discovery rules cast a wide net. So Rule 26, "quite simply, sets forth a very low threshold for relevancy, and thus, the court is inclined to err in favor of discovery rather than against it." *Miller*, 2014 WL 1017887 at * 1 (quotes, alterations and cite omitted; emphasis added).

*McCleod v. National R.R. Passenger Corp.*, 2014 WL 1616414 at * 3 (S.D. Ga. Apr. 22, 2014).

[4] *See McCorvey v. United States*, 2014 WL 4594475 at * 9 (S.D. Ala. Sept. 11. 2014) (collecting judicial admission cases).

termination[] was *as good as or better than* other stores in the [relevant geographic] Market. . . . Simply put, this case is not about whether Plaintiff was able to meet the financial goals for the stores he managed. Plaintiff seeks documents and information regarding a matter that is not in dispute and which is not relevant given the facts of the case." Doc. 41 at 2 (emphasis added).

If anything, Lowes has just done Hayes a favor by sparing him document and data collection expenses, along with the cost of analyzing that data. Again, Hayes wants the market data to show that he performed his duties well, if not better than his comparators. That, in turn, will discredit Lowe's adverse-performance reason for his discharge. *Id.* at 2. But since he cannot realistically show more than what Lowes has just admitted, the Court **DENIES** his motion to compel. Doc. 40.

**SO ORDERED**, this 23rd day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA