IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RONALD HAYES,           )
                        )
    Plaintiff,          )
                        )
v.                      )    CASE NO. CV414-005
                        )
LOWE'S HOME IMPROVEMENT, LLC, )
                        )
    Defendant.          )
                        )

# ORDER

Before the Court are Plaintiff's and Defendant's Motions for Reconsideration. (Doc. 72; Doc. 73.) For the following reasons, both motions are **DENIED**.

In its motion, Defendant seeks reconsideration of the Court's prior order denying its request for summary judgment with respect to Plaintiff's Title VII and 42 U.S.C. § 1981 claims. (Doc. 72 at 1.) Defendant argues that the Court erroneously overlooked valid comparator evidence that Defendant included in a later portion of its reply brief. (Id. at 2 & n.1.) Defendant included that language in a portion of its reply brief discussing whether its legitimate non-discriminatory reasons were pretext for discrimination, not whether Plaintiff had established a prima facie claim of discrimination. (Compare Doc. 67 at 12 (Section C.5: "Plaintiff's So-Called 'Comparator' Evidence Does not Support Pretext") with id. at 2 (Section B: "Plaintiff Cannot

Establish a Prima Facie Case of Retaliation"). It is not this Court's role to piece together a party's argument from the various fragments scattered throughout a brief. Defendant addressed Plaintiff's comparator evidence in a section discussing pretext, which is exactly how the Court treated it. If Defendant disliked the manner in which the Court addressed Defendant's argument concerning comparator evidence, Defendant has only itself to blame.

Despite the illogical ordering of Defendant's reply, the Court still assessed Plaintiff's comparator evidence. (Doc. 68 at 12.) The court noted that "exact correlation" was unnecessary, but that the individuals must be "similarly situated." (Id. at 11 (internal quotations omitted).) The Court then reviewed Plaintiff's argument and the record, which it construed in the light most favorable to Plaintiff. (Id. at 12.) Ultimately, the Court concluded "that Plaintiff has identified similarly situated employees outside of Plaintiff's protected class that were treated more favorably." (Id.) Defendant may be unhappy with the depth of the Court's discussion on this issue. However, the Court did address whether the record supported Plaintiff's prima facie case of racial discrimination was supported by valid comparator evidence. For these reasons, the Court finds no reason to disturb its prior order. Accordingly, Defendant's Motion for Reconsideration (Doc. 72) is **DENIED**.

In its motion, Plaintiff contends that this Court erroneously dismissed his retaliation claims on the grounds that he had not engaged in protected conduct by opposing an unlawful employment practice. (Doc. 73 at 1.) Plaintiff's motion is little more than an extension of its original argument. After reviewing both Plaintiff's motion and the record in this case, the Court can find no reason to disturb its prior order. Accordingly, Plaintiff's Motion for Reconsideration (Doc. 73) is also **DENIED**.

SO ORDERED this 28th day of September 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA